48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 PEABODY COAL COMPANY and Old Republic Insurance Company, Petitioners,
v.
Lonnie ODOM and Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 93-4290.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: JONES, NORRIS and DAUGHTREY, Circuit Judges.
 
 
 1
 This appeal results from a duplicate claim for black lung disability benefits filed by Lonnie Odom, a former employee of defendant Peabody Coal Company. The administrative law judge who heard the duplicate claim awarded benefits to Odom, after finding that he was totally disabled by pneumoconiosis contracted during 20 years of employment in the coal mining industry. The Benefits Review Board of the Department of Labor affirmed the administrative law judge's determination, and Peabody Coal now appeals that ruling, invoking the doctrine of res judicata and contending that the award should have been precluded by a prior administrative determination that Odom was not disabled from pneumoconiosis. Peabody Coal also argues that the administrative law judge applied a faulty test for determining whether there had been a material change in Odom's condition after his initial claim was denied and, in addition, that the judge utilized the since-prohibited "true doubt rule" to determine the existence of pneumoconiosis. We find no merit to the first issue but conclude that the case must be remanded to the administrative law judge for reconsideration in light of our recent opinion in Sharondale Corporation, et al. v. Milford Ross, et al., No. 93-3644, 1994 WL 700922 (6th Cir. Dec. 16, 1994), which was released three weeks after oral argument in this case.
 
 
 2
 Peabody Coal's res judicata argument is based primarily on the asserted proposition that a claimant found not to suffer disability from pneumoconiosis may not later refile for benefits without establishing that he has returned to coal-mining employment in the period since his first claim was denied -- which was not the case here. The basis for this proposition is the defendant's further contention that pneumoconiosis is not a "progressive" disease. Hence, the argument goes, since "something cannot arise from the absence of something," a claimant who cannot prove re-employment is bound by the initial ruling on his claim.
 
 
 3
 The principal (although not the only) flaw in this argument is its failure to take into account a long line of black lung cases from the Sixth Circuit that characterize the disease of pneumoconiosis as "progressive." The latest of these is Sharondale Corporation, supra, but it is only one of many. See, e.g. Woodward v. Director, OWCP, 991 F.2d 314, 319 (6th Cir. 1993); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 205 (6th Cir. 1989); Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir. 1986); Couch v. Secretary, Health and Human Services, 774 F.2d 163, 168 (6th Cir. 1986). The "progressive and irreversible" nature of pneumoconiosis has also been recognized by the Supreme Court. See, e.g., Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 151 (1987). Hence, on the basis of precedent alone, we must reject the defendant's otherwise unsupported argument that res judicata precludes review of the duplicate claim in this case. We hold, as provided by 20 C.F.R. Sec.725.309(d), that a successive claim for black lung benefits may be entertained where the claimant can show a "material change in conditions" since the initial claim was denied, including proof that his condition has worsened to the point of total disability.
 
 
 4
 At oral argument, both Peabody Coal and the Director of the Office of Workers' Compensation agreed that the case must be be remanded for a redetermination of whether a material change in conditions had indeed been established in this case, because the administrative law judge utilized an unacceptable test in determining this question. They did not agree, however, on what test should be applied on remand. That issue has now been resolved, definitively, by our opinion in Sharondale, in which we adopted the "one-element test" proposed by the Director in that case and in this one as well. On remand, the administrative law judge is directed to follow the dictates of Sharondale in determining whether a material change of condition has been established by the plaintiff.
 
 
 5
 In Sharondale, we also noted that the "true doubt rule" (utilized in this case to resolve a conflict between two B-readers in the interpretation of Odom's latest x-ray) had been expressly disapproved by the Supreme Court in the recent case of Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251, 2259 (1994). It follows that the "true doubt rule" may not be employed on remand.
 
 
 6
 For the reasons set out above, we REVERSE the decision of the Benefits Review Board and REMAND the case to the administrative law judge for further proceedings consistent with this opinion.